### GOOCH v. OREGON SHORT LINE R. CO.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1920. Rehearing Denied May 17, 1920.)

No. 3363.

1. Carriers ☞242—Caretaker accompanying shipment of live stock is passenger for hire.

A shipper of live stock in interstate commerce accompanying it as caretaker under the usual drover's contract, made a part of the bill of lading, providing for his transportation without extra charge, is a passenger for hire.

2. Carriers ☞307(6)—Notice of injury within time stated a condition of recovery, though carrier knew of injury.

Where a drover's contract, made part of a bill of lading covering an interstate shipment of live stock, provided that the carrier should not be liable for injury unless given written notice within 30 days, the giving of such notice was essential to a recovery, and the carrier's actual notice of the injury and attempts to make a settlement did not dispense therewith, where the offers of settlement were refused, and the injured party never stated the amount of his claim, even verbally, to the carrier's representative.

In Error to the District Court of the United States for the Eastern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by John Gooch, Jr., against the Oregon Short Line Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error, on November 23, 1917, shipped, in interstate commerce, certain live stock over the railroad line of the defendant in error, accompanying the shipment as caretaker under the usual drover's contract, which was made a part of the bill of lading issued to him by the railroad company, and which is, in part, as follows:

"In consideration of his [plaintiff's] carriage without charge other than the sum stipulated herein for the carriage of the live stock mentioned herein, as a caretaker accompanying said live stock, the undersigned [plaintiff] hereby agrees * * * that the carrier shall not be liable for any accident or injury to him caused by negligence on either the going or return trip, or while on or around the railroad tracks or premises, unless the undersigned [plaintiff] or his heirs or personal representatives shall within 30 days after the accident or injury give notice in writing of his claim therefor to the general manager of the carrier on whose line it occurred, and unless such notice is given no claim for personal injury * * * shall be valid or enforceable."

The day after the beginning of such transportation, while the freight train carrying the plaintiff and his stock was lying at a siding called Donovan, in the state of Wyoming, and while the plaintiff was asleep, the engine of the train, while switching, ran into the caboose, inflicting upon the plaintiff the personal injuries for which the action was brought. The plaintiff was taken to the hospital of the company at Memmerer, Wyo., where he remained under the care of the company's physicians for about 30 days, when, although not discharged, he was given leave to go to his home to spend Christmas. About 5 days after the accident a claim agent of the railroad company called upon the plaintiff at the hospital to discuss a settlement with him, which the plaintiff declined, on the ground that he was in no condition, physically or mentally, to do so. The agent returned for the same purpose about 10 days later, and the plaintiff again refused to discuss the matter. Later, and subsequent to the expiration of the 30-day period, similar attempts were made by representatives of the company, which offers of settlement being refused, the suit was commenced, and upon the trial of it, and proof of the facts that have been stated, the court below granted a motion made by the defendant for a nonsuit, and dismissed the action at the plaintiff's cost, who sued out the present writ of error.

J. H. Peterson and T. C. Coffin, both of Pocatello, Idaho, and Branch Bird, of American Falls, Idaho, for plaintiff in error.

George H. Smith, of Salt Lake City, Utah, and H. B. Thompson and John O. Moran, both of Pocatello, Idaho, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). [1] The shipment of the stock, being interstate, was, of course, subject to the provisions of the act of Congress to regulate commerce (24 Stat. 379), pursuant to which the bill of lading was issued, containing the provision regarding the transportation of the plaintiff in error on the same train to see to the proper care of his stock. That such caretaker is still to be regarded as a passenger for hire, notwithstanding the amendments made by Congress to the act to regulate commerce as it existed at the time of the decision of the Supreme Court in the case of New York C. R. Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627, is shown by the comparatively recent decision of the same court in the case of

Norfolk Southern R. R. Co. v. Chatman, 244 U. S. 276, 37 Sup. Ct. 499, 61 L. Ed. 1131, L. R. A. 1917F, 1128. That the carrier cannot stipulate for its exemption from its common-law liability, or for a limitation of such liability, is conceded by counsel for the defendant in error, so it is needless to refer to the numerous decisions to that effect that are cited for the plaintiff in error.

[2] What was held by the court below, and what is here contended in support of that decision, is that the clause of the contract in question, providing that the carrier should not be liable to the caretaker for any injury growing out of negligence of the former, unless he or his personal representative should within 30 days after injury give notice in writing of his claim therefor to the general manager of the carrier on whose line the injury occurred, was a condition of recovery, and not any exemption from or limitation of liability, which condition it was essential for the plaintiff in error to have complied with before being entitled to bring the suit.

In the case of Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, the bill of lading of an interstate shipment issued by the initial carrier contained a stipulation that claims for failure to make delivery must be made in writing to the carrier at point of delivery within a specified period; otherwise the carrier should not be liable. The Supreme Court there adjudged the required notice essential to the bringing of the action for the misdelivery complained of, that the effect of such a stipulation is unaffected by the form of the action, and that the parties to such a contract cannot waive its terms, nor can the carrier by its conduct give the shipper the right to ignore such terms and hold the carrier to a different responsibility than that fixed by the agreement made under the published tariffs and regulations. In the course of its opinion the court declared:

"Ordinarily the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction. The purpose of the stipulation is not to escape liability, but to facilitate prompt investigation. And to this end it is a precaution of obvious wisdom, and in no respect repugnant to public policy, that the carrier by its contracts should require reasonable notice of all claims against it even with respect to its own operations."

In the later case of St. Louis, I. M. & So. Ry. Co. v. Starbird, 243 U. S. 592, 37 Sup. Ct. 462, 61 L. Ed. 917, which involved an interstate shipment of peaches, a highly perishable article, and in which case the bill of lading stipulated that claims for damages must be reported by the consignee in writing to the delivering line within 36 hours after notice to the consignee of the arrival of the freight at the place of delivery, and that, if such notice was not there given, neither the initial carrier nor any of the connecting or intermediate carriers should be liable, the court adjudged the stipulation reasonable, and that noncompliance therewith excused the initial carrier from liability.

We perceive no sound reason for making any distinction between the two last-mentioned cases and the present one concerning a precisely similar condition relating to injury to the caretaker of the property

constituting the shipment. It is true that in the present case the carrier had actual notice of the injury complained of, and through its agents sought, without success, a settlement of the damages occasioned thereby; but the offer of settlement was refused, and at no time, so far as appears, was the amount of his claim stated, even verbally, by the plaintiff in error, or by any representative of his. In the case of St. Louis, I. M. & So. Ry. Co. v. Starbird, supra, verbal notice of the damage to the property was given to a dockmaster of the delivering carrier, which the Supreme Court held did not satisfy the requirement of the stipulation that the damages should be reported in writing. The similar stipulation involved in Georgia, Florida & Alabama R. Co. v. Blish Milling Co., supra, requiring a claim to be made in writing, the court held (241 U. S. 198, 36 Sup. Ct. 541, 60 L. Ed. 948) to be satisfied by a telegram which in itself, or taken with other documents, contained an adequate statement of the claim. But here there was no statement in any kind of writing of any claim, and not even any verbal statement of the amount of it.

The judgment is affirmed.